# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12 CR 06-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| REGINA DAWN BIRD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#67) filed in the above entitled cause on September 7, 2012 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that the defendant had violated terms and conditions of her presentence release. At the call of this matter on for hearing it appeared the defendant was present with one of her attorneys, Frank Abrams, and the Government was present through Assistant United States Attorney, Tom Ascik. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: On February 8, 2012 a bill of indictment was issued charging defendant with three counts of robbery in violation of 18 U.S.C. § 2111 and one count of first degree burglary in violation of N.C.G.S. 14-51. On February 21, 2012 an

initial appearance was held for defendant. On that date the undersigned entered an Order (#7) entering terms and conditions of pretrial release for defendant.

On May 9, 2012 the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of defendant to one count of robbery in violation of 18 U.S.C. § 2111. On that same date the undersigned ordered that the terms and conditions of pretrial release of defendant be revoked and defendant be detained pursuant to 18 U.S.C. § 3143(a)(2).

On August 3, 2012, defendant's counsel filed a Motion for Reconsideration of Detention (#62) stating that defendant was pregnant and was expecting a delivery date of her child in October of 2012. In the motion, defendant's counsel requested defendant be released from custody for an appropriate time to deliver the child and to nurse and care for the child. The undersigned allowed the motion and entered an Order (#66) releasing defendant on terms and conditions of presentence release finding exceptional circumstances, pursuant to 18 U.S.C. § 3145(c).

On September 7, 2012 the United States Probation Office filed a Violation Report alleging defendant had violated terms and conditions of her presentence release. When defendant was released by the undersigned in August 2012 the undersigned set conditions of release which included the following:

(1) defendant must not violate any federal, state or local law while on

release.

(8)(p) defendant refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.S. § 802 unless prescribed by a licensed medical practitioner.

On September 6, 2012, United States Probation Officer Robert Ferguson met with defendant at her residence in Cherokee, North Carolina. Officer Ferguson requested that defendant submit to an urinalysis test. The test indicated that defendant had used Oxycodone. Upon questioning defendant admitted she had taken Vicodin for pain for her back on September 4, 2012. She further admitted she did not have a prescription for Vicodin. Vicodin is a controlled substance.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination of conditions of release.

3

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that defendant committed a federal and state crime while on release. Defendant possessed and used Vicodin, which is a controlled substance, at a time when she did not have a prescription for the possession or use of such substance. This possession and use would be in violation of N.C.G.S. § 90-95(a)(3).

There has been further shown by clear and convincing evidence that defendant violated the condition of release that required her to refrain from use or unlawful possession of a narcotic drug or other controlled substance unless sit was prescribed by a license medical practitioner. Defendant used Vicodin which clearly violates this condition.

Due to the findings made above, it appears there is no condition or combination of conditions of release that would assure that defendant will not pose a danger to the safety of any other person or the community, including her unborn child. It is the opinion of the undersigned that based upon the defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an

order of revocation revoking the unsecured bond and the terms of presentence release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of presentence release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending sentencing in this matter.

Signed: September 12, 2012

Dennis L. Howell
United States Magistrate Judge