# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12 cr 06-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| REGINA DAWN BIRD, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** has come before the Court pursuant to two motions, each entitled "Amended Emergency Motion for Reconsideration of Order Revoking Pre-Trial Release, and Based upon New and Additional Fact" (#77) and (#78). At the call of this matter on for hearing it appeared that defendant was present through her attorney Mr. Frank Abrams and the government was represented through Assistant United States Attorney Don Gast. From the evidence offered from the attorney for defendant and the Assistant United States Attorney, the Court makes the following findings:

**Findings.** On February 8, 2012 a bill of indictment (#1) was issued charging the defendant with three counts of robbery, in violation of 18 U.S.C. § 2111 and one count of first degree burglary in violation of N.C.G.S. § 14-51. On February 21, 2012, the undersigned held an initial appearance hearing for defendant and released defendant setting terms and conditions of pre-trial release (#7). On May 9, 2012,

defendant entered a plea of guilty of the crime of one count of robbery in violation of 18 U.S.C. § 2111. At that time, the undersigned entered an order (#57) revoking the terms and conditions of pretrial release of defendant, pursuant to 18 U.S.C. § 3143(a)(2). On August 3, 2012 defendant's previous counsel filed a Motion for Reconsideration of Detention (#62) stating that defendant was pregnant and was expecting delivery of her child on or about October 11, 2012. Defendant requested that the undersigned release defendant based upon exceptional circumstances as set forth under 18 U.S.C. § 3145(c). The Court allowed the motion and entered terms and conditions of presentence release of defendant (#63, #64, & #66).

On September 7, 2012 a Violation Report (#67) was filed by the United States Probation Office alleging that defendant had violated terms and conditions of her presentence release. After a hearing was held on September 11, 2012, the undersigned entered an Order (#69) finding that defendant had violated the terms and conditions of her presentence release and entered an Order revoking the terms and conditions of presentence release. It is now requested by defendant that the undersigned reconsider that decision based upon new evidence.

Defendant contends the new evidence is: (1) defendant has now delivered her child and the child is premature by two weeks and is in need of the care of her mother; (2) while in custody, defendant missed two scheduled doctor's appointments and those

appointments were for important treatment; and (3) defendant has now been prescribed medication and the only reason she violated terms and conditions of her presentence release was to help with her back pain by taking a Vicodin.

Defendant presented her mother, Rebecca Paz-Chalacha, as a witness. Ms. Paz-Chalacha testified that the minor child was born to defendant on September 20, 2012. The child was with defendant until September 22, 2012 when the child was placed in the custody of Ms. Paz-Chalacha. At the present time, Ms. Paz-Chalacha not only has the custody and obligation for care of the baby but also another minor child of defendant who is approximately 22 months of age, and Ms. Paz-Chalacha's own child who is eleven years of age. Defendant's mother further testified that she had suspicions that defendant had obtained the controlled substance Vicodin from defendant's boyfriend. While defendant had been released on terms and conditions of release, Ms. Paz-Chalacha told defendant not to take any type of controlled substance nor to be with her boyfriend. The defendant had not comply with Ms. Paz-Chalacha's directives.

**Discussion.** Due to the plea of guilty of defendant, 18 U.S.C. § 3143(a) required the undersigned to issue an order detaining defendant. To now release defendant, the Court must find there are exceptional circumstances that would merit the release of defendant. The undersigned has previously set forth, in a prior order in

3

this case, the standard of exceptional circumstances as set forth by United States District Judge Martin Reidinger in <u>United States v. Vilaiphone</u>, 2009 WL 412958(W.D.N.C. 2009). The undersigned does not find that the evidence presented by defendant now meets the standard of "exceptional circumstances." The defendant has now delivered her child. The child is in the custody of her mother as is another 22 month old child born of defendant. This Court fears that if defendant were released, the defendant, instead of caring for her child would simply return to the use of controlled substances. Ms. Paz-Chalacha is not able to control the defendant and placing defendant in the custody of Ms. Paz-Chalacha does not provide sufficient supervision to this defendant.

Based upon the foregoing and the facts as are stated on the record, the undersigned has determined to enter an order denying the motions of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the two motions entitled "Amended Emergency Motion For Reconsideration of Order Revoking Pre-Trial Release, and Based upon New and Additional Facts" (#77) and (#78) are hereby **DENIED**.

Signed: October 2, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge