# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CRIMINAL CASE NO. 2:12-cr-00006-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) vs. ) ) ) REGINA DAWN BIRD. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Notice of Appeal to District Court of Magistrate's Order Denying Defendant's Emergency Motion for Pre-Sentencing Release Based Upon Compelling Developments [Doc. 84], filed January 14, 2013.

## I. PROCEDURAL BACKGROUND

On February 8, 2012, the Defendant along with three co-defendants was charged in a Bill of Indictment with four counts of robbery within the boundaries of the Eastern Band of Cherokee Indians reservation, and aiding and abetting, in violation of 18 U.S.C. §§ 2111, 1153, and 2 and one count of first degree burglary within the boundaries of the Eastern Band of Cherokee Indians reservation, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 13, and 1153 and N.C. Gen. Stat. § 14-51. [Doc. 1]. The

Defendant made her initial appearance on February 21, 2012, at which time she was released on conditions. [Doc. 7].

On May 9, 2012, the Defendant pled guilty pursuant to a plea agreement to Count One as set forth in the Bill of Indictment. [Doc. 53]. Upon acceptance of the Defendant's guilty plea, Magistrate Judge Howell revoked the Defendant's bond and ordered her detained pursuant to 18 U.S.C. § 3143(a)(2). [Doc. 57].

On August 3, 2012, the Defendant moved for reconsideration of her detention on the grounds that she was expecting a child in October 2012. The Defendant specifically sought release "for an appropriate period of time to have the child in a hospital setting and to then nurse and care for the infant." [Doc. 62]. Following a hearing on August 9, 2012, Magistrate Judge Dennis L. Howell granted the Defendant's motion and released her on conditions. [Docs. 64, 66].

On September 7, 2012, the United States Pretrial Services Office filed a Violation Report, alleging that the Defendant, while on release and in the late term of her pregnancy, tested positive for Oxycodone and admitted to having taken Vicodin without a prescription. [Doc. 67]. A warrant was issued for the Defendant's arrest. [Id.].

A revocation hearing was held before Judge Howell on September 11, 2012. Supervising Officer Robert Ferguson testified regarding the Defendant's positive drug test and her admission that she had used Vicodin without a prescription. Finding that the Defendant had violated the terms and conditions of her release, Judge Howell revoked the Defendant's bond and ordered her detained pending sentencing. [Doc. 69].

On September 16, 2012, counsel for the Defendant filed a motion asking Judge Howell to reconsider his Order revoking the Defendant's bond. On September 21, 2012, Judge Howell denied this motion without prejudice, citing counsel's failure to consult with the Government and to provide an estimate of the length of the hearing, as required by the Local Rules. [Doc. 76]. Counsel immediately filed an amended motion seeking reconsideration of the Revocation Order. [Docs. 77, 78]. A hearing was held on this motion on September 26, 2012. At that time, the Defendant presented her mother, Rebecca Paz-Chalacha, as a witness. The Magistrate Judge summarized Ms. Paz-Chalacha's testimony as follows:

> Ms. Paz-Chalacha testified that the minor child was born to defendant on September 20, 2012. The child was with defendant until September 22, 2012 when the child was placed in the custody of Ms. Paz-Chalacha. At the present time, Ms. Paz-Chalacha not only has the custody and obligation for care of the baby but also another minor child of

> defendant who is approximately 22 months of age, and Ms. Paz-Chalacha's own child who is eleven years of age. Defendant's mother further testified that she had suspicions that defendant had obtained the controlled substance Vicodin from defendant's boyfriend. While defendant had been released on terms and conditions of release, Ms. Paz-Chalacha told defendant not to take any type of controlled substance nor to be with her boyfriend. The defendant had not compl[ied] with Ms. Paz-Chalacha's directives.

[Doc. 79 at 3]. Based on this evidence, Judge Howell concluded that the Defendant had failed to show exceptional circumstances warranting her release, and the Defendant's motion for reconsideration was again denied. [Id.].

On January 3, 2013, counsel for the Defendant filed an "Emergency Motion for Pre-Sentencing Release Based Upon Compelling Developments." [Doc. 80]. Judge Howell denied this motion on January 4, 2013, citing counsel's failure to comply with the Local Rules. Counsel immediately filed an Amended Motion. [Doc. 82]. In this Motion, counsel argued for the Defendant's release pending sentencing, citing the fact that the Defendant's infant daughter, now three months old, recently had suffered from pneumonia and was currently hospitalized due to a respiratory virus. Counsel further reported that this hospitalization created a hardship on the custodial grandmother, who had to be at the hospital with

the infant while her husband had to miss work in order to look after the Defendant's two-year-old son. [Id.].

Judge Howell held a hearing on the Defendant's Amended Motion on January 7, 2013. At that time, the Defendant again presented her mother, Rebecca Paz-Chalacha, as a witness. The Magistrate Judge summarized Ms. Paz-Chalacha's testimony at this hearing as follows:

> Ms. Paz-Chalacha testified that the minor child, which was born to Defendant on September 20, 2012, had been hospitalized twice in the month of December of 2012. During the first hospitalization, which occurred between December 4th through December 9th, the minor child was treated for flu symptoms. During a second hospitalization that occurred from December 29th through January 3, 2013, the minor child was treated for Respiratory Syncytial Virus. During that period of time the child was hospitalized at Mission Hospital in Asheville, North Carolina. Ms. Paz-Chalacha further testified that she was doing all she could to care for the two minor children of Defendant. Ms. Paz-Chalacha also described that she cares for two children of her own. One child, eleven years of age and the other child being an adult of 31 years of age who is totally disabled. It is Ms. Paz-Chalacha's request that Defendant be released to assist with the care of Defendant's children.

[Doc. 83 at 3-4]. In an Order entered January 8, 2013, Judge Howell denied the Defendant's Amended Motion, finding that "[t]he acts and conduct of Defendant show to this Court that the release of Defendant

5

merely create another person who would have to be managed and supervised by Ms. Paz-Chalacha." [Id. at 4]. The Defendant now appeals the Magistrate Judge's Order. [Doc. 84].

## II. ANALYSIS

The Mandatory Detention Act of 1990 requires that defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. See 18 U.S.C. § 3143(a)(2); United States v. Goforth, 546 F.3d 712, 713-14 (4th Cir. 2008). First, a defendant may be released pending sentencing if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released pending sentencing if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(ii). The third exception is found in 18 U.S.C. § 3145(c), which provides, in pertinent part, as follows:

> A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1)[1] . . . , may be ordered released, under appropriate conditions, by

---

[1] Section 3143(a)(1) provides, in pertinent part, that a defendant who is awaiting sentencing may be released if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1).

> the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) (emphasis added). District judges are "judicial officers" within the meaning of § 3145(c) and are therefore authorized to release defendants when "exceptional reasons" exist. Goforth, 546 F.3d at 716.

Due to the nature of the offense to which she pled guilty, the Defendant is subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 1343(a)(2). The Defendant is not subject to release pursuant to either 18 U.S.C. § 3143(a)(2)(A)(i) or 18 U.S.C. § 3143(a)(2)(A)(ii), but rather seeks release pursuant to 18 U.S.C. § 3145(c), arguing that there are exceptional reasons why her continued detention pending sentencing would not be appropriate. Specifically, the Defendant argues that her separation from her infant daughter has had a negative impact on the infant's well-being, as evidenced by her recent illnesses. The Defendant further argues that her help is "sorely needed" in caring for her two minor children. [Doc. 84].

After careful consideration of the entire record, including the recordings of each hearing held before the Magistrate Judge, the Court concludes that the evidence presented by the Defendant does not

constitute "exceptional reasons" that would merit the release of the Defendant. "Exceptional reasons" are circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release) (citation omitted); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (citation omitted).

Here, as the Magistrate Judge correctly noted, the Defendant's own actions demonstrate that her release would not ease the hardship placed on her family but would only create an additional burden on them:

> When Defendant committed the armed robbery, she had placed her oldest child in the custody of her mother, Ms. Paz-Chalacha. After committing the robbery and while released on bond Defendant became involved in a relationship with a young man and became pregnant as a result of that relationship. Even though this Court allowed Defendant to be released on terms and conditions of presentence release so she could deliver her minor child, Defendant used a controlled substances [sic] during that period of release. Defendant obtained the drugs by leaving the custody of her mother and traveling over 40 miles to

8

> a Wal-Mart store to meet with her boyfriend who provided the drugs. No evidence has been presented that would show defendant has any skills in the care of minor children. Indeed, the evidence in this case shows that defendant has placed her oldest child in the care of her mother. As stated above, to now release this Defendant to assist her mother in child care would merely add another person for the mother to have to supervise and control.

[Doc. 83 at 4-5]. Further, as Judge Howell previously noted, the Defendant has demonstrated that she is unwilling to comply with Ms. Paz-Chalacha's directives while under her supervision. [Doc. 79 at 3].

The Court is mindful that the Defendant's incarceration may prove to have negative ramifications for the Defendant's children. Unfortunately, in nearly every case, it is the children who truly suffer when a parent is imprisoned. The hardship that the Defendant's detention has created for her children and other members of her immediate family, however, does not rise to the level of "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp. 504, 508 (D. Md. 1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute

exceptional reasons within the meaning of Section 3145(c).");  United States v. Vilaiphone, No. 3:08cr232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009) ("while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as 'exceptional reasons' under § 3145(c)").

For the foregoing reasons, the Court concludes that the Defendant does not satisfy the requirement for release under § 3145(c). The Magistrate Judge's Order [Doc. 83] is therefore affirmed.

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of the Magistrate Judge's Order [Doc. 84] is **DENIED**, and the Magistrate Judge's Order denying the Defendant's Amended Emergency Motion for Pre-Sentencing Release [Doc. 83] is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed: January 24, 2013

Martin Reidinger
United States District Judge